**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUSSELL TINSLEY, | : |
| | : Civil Action No. 08-2658 (JBS) |
| Plaintiff, | : |
| | : |
| v. | : **OPINION** |
| | : |
| WARDEN THEODORE J. HATIER, JR., | : |
| et al., | : |
| | : |
| Defendants. | : |

**APPEARANCES**:

    RUSSELL TINSLEY, Plaintiff pro se
    #160169
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

**SIMANDLE**, District Judge

    Plaintiff Russell Tinsley, currently confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights under 42 U.S.C. § 1983. Because this action is essentially duplicative of an earlier filed Complaint, Tinsley v. Del Rosso, et al., Civil No. 08-1251 (RMB), which was dismissed without prejudice on May 30, 2008, this Court

will administratively terminate the Complaint and direct the Clerk of the Court to close the file without assessing any fees.[1]

## I. BACKGROUND

Plaintiff, Russell Tinsley ("Tinsley"), brings this action against the following defendants: Theodore J. Hatier, Warden at the Atlantic County Justice Facility ("ACJF"); Captain S. Murray at ACJF; and Captain James P. Murphy at ACJF. (Complaint, Caption and ¶ 3b).

The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Tinsley alleges that he has been confined at the ACJF since January 15, 2008. During this time, he has been charged a monthly "user fee" of $50.00 and prepaid collect phone calls. He also claims that (1) he is denied access to certain areas of the ACJF due to the facility being overcrowded; (2) there is no inmate law library at ACJF for making legal telephone calls; and (3) there is inadequate access to a law library.

---

[1] This Court must review plaintiff's newly submitted Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

Tinsley alleges that he has filed grievances to address these complaints, but to no avail.  He also states that he had filed another Complaint with the federal court, but received no response, leading him to believe that his civil action was seized by defendants.

Tinsley asks for $1 million in damages.  He also seeks injunctive relief, namely, that defendants provide adequate access to a law library and assistance from persons trained in the law.

## II.  DISCUSSION

This Court takes notice of the earlier Complaint filed by Tinsley, which alleged the very same purported violations.  See Tinsley v. Del Rosso, et al., Civil No. 08-1251 (RMB).  Although Tinsley suggests in this instant action that his first Complaint was seized by defendants, the earlier action, Civil No. 08-1251 (RMB), had been received by the District Court of New Jersey on March 12, 2008, and was dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), by Opinion and Order filed on May 30, 2008.  See Tinsley v. DelRosso, et al., Civil No. 08-1251 (RMB) at Docket Entry Nos. 2 and 3.  In particular, the District Court found:

> Here, Plaintiff has not alleged that he sought to pursue the type of case protected by the constitutional right of access to the courts; nor has he alleged "actual injury."  While it appears that he may have cases pending in Pennsylvania, it is apparent from the attachments to the Complaint that Plaintiff has counsel

3

> in those cases. (Pltf's Exhibit A #2). Courts have dismissed access to court challenges of represented prisoners who claim a lack of access to the law library. See Demeter v. Buskirk, 2003 WL 22416045 at *3 (E.D. Pa. Oct. 20, 2003)(unpubl.)(citing Martucci v. Johnson, 944 F.2d 291, 295 (6th Cir. 1991); Davis v. Milwaukee County, 225 F. Supp.2d 967, 973 (E.D. Wis. 2002)); see also Cook v. Boyd, 881 F. Supp. 171, 176 (E.D. Pa. 1995)(stating "[w]here a prisoner is provided an attorney by the state to represent him at a civic hearing, the prisoner's right to access to the courts is vindicated."); Russell v. Hendrick, 376 F. Supp. 158 (E.D. Pa. 1974)(stating that "[i]f a prisoner has reasonable access to legal counsel then he has the means to prepare, serve and file whatever documents are necessary;" and holding that "plaintiff, through counsel, had adequate access to the courts and was not in the least damaged by his inability to do his own legal research to supplement that of his attorney").
>
> Plaintiff's claims regarding legal mail and telephone calls also fail, as Plaintiff has not alleged facts indicating that he requested to mail any correspondence or make any calls and was denied. In fact, the attachments to the Complaint provide otherwise; that Plaintiff has not made any requests for legal mail or calls. Thus, he has failed to state a claim for denial of his constitutional right of access to the courts.
>
> . . .
>
> Plaintiff complains that he is required to pay a $50.00 monthly "user fee" while he is confined in the Atlantic County Justice Facility. Plaintiff provides no other information regarding this fee. This Court will dismiss this claim, as the $50.00 fee has been determined to be a nominal surcharge and non-punitive, and does not violate due process. See Fuentes v. State of New Jersey Office of Public Defenders, 2006 WL 83108 at *8 (D.N.J. Jan. 11, 2006).

(Tinsley v. Del Rosso, et al., Civil No. 08-1251 (RMB), Docket Entry No. 2 at pp. 9-11).

Although the Complaint was dismissed, the District Court did allow that Tinsley could make an appropriate motion to re-open

his case by filing an amended Complaint curing the deficiencies as set forth in the District Court's May 30, 2008 Opinion.  (Id. at pp. 11-12).

In this new Complaint, Tinsley does not allege any new facts or attempt to cure the deficiencies in his original Complaint filed in Tinsley v. Del Rosso, et al., Civil No. 08-1251 (RMB). In fact, Tinsley does not ask to re-open his earlier case, but instead makes a new, and unfounded claim, that his first action had been seized by defendants.  Consequently, the claims asserted by Tinsley in the instant Complaint are simply a reiteration of the claims he presented in his first action, which was dismissed without prejudice for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Therefore, because Tinsley does not allege new facts to cure the deficiencies of his first action, and because Tinsley does not appear aware of the disposition of his first action, this Court will administratively terminate this Complaint as duplicative of Civil No. 08-1251 (RMB).

### III.  CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be administratively terminated as duplicative of Tinsley v. Del Rosso, et al., Civil No. 081251 (RMB), having alleged no new facts to cure the deficiencies of that first action.  The Clerk

will be directed to close the file without assessing fees.[2]  An appropriate order follows.

                                             **s/ Jerome B. Simandle**
                                             JEROME B. SIMANDLE
                                             United States District Judge

Dated:  **June 11, 2008**

---

[2] This Court notes that had plaintiff been aware of the disposition of his first action before submitting this new Complaint for filing, he would have instead filed a motion to re-open and amend his Complaint in the earlier case, Civil No. 08-1251 (RMB), as directed in the May 30, 2008 Order, and thus would not have incurred any additional filing fee.